IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BETA UPSILON CHI UPSILON CHAPTER
AT THE UNIVERSITY OF FLORIDA, et al.,

    Plaintiffs,

vs.                                                      1:07-CV-135-SPM/GRJ

J. BERNARD MACHEN, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR TAXATION OF COSTS

**THIS CAUSE** comes before the Court on the Plaintiffs' Motion to Reconsider the Clerk's Denial of Taxation of Costs (doc. 247) and the Defendants' Response in Opposition (doc. 249). On September 29, 2010, the Court dismissed this case as moot (doc. 240) pursuant to the Mandate of the United States Court of Appeals for the Eleventh Circuit (doc. 234). On November 4, 2010, the Clerk denied (doc. 246) the Plaintiffs' request for taxation of costs (doc. 241), to which the Defendants' had responded in opposition (doc. 244). For the following reasons, Plaintiffs' Motion for Reconsideration will be denied.

Federal Rule of Civil Procedure 54(d)(1) provides that costs should be allowed to the prevailing party, and permits a court to review the clerk's taxation of costs upon a motion served within the next seven days following the clerk's action. However, Plaintiffs are not prevailing parties entitled to costs, as the Court denied Plaintiffs' Motion for Preliminary Injunction (doc. 104), and this matter has been dismissed as moot (doc. 240), with Plaintiffs obtaining no relief on the merits. See

Morillo-Cedron v. Dist. Dir. For U.S. Citizenship & Immig. Servs., 452 F.3d 1254 (11th Cir. 2006). Plaintiffs assert that they are prevailing parties in this action, because, after this Court's denial of the requested preliminary injunction, the Eleventh Circuit Court of Appeals granted an injunction pending appeal. However, after the Eleventh Circuit Court of Appeals dismissed the Plaintiffs' appeal for mootness, it denied Plaintiffs' Motion to tax costs. Moreover, by separate Order (doc. 235), the Eleventh Circuit Court of Appeals transferred this matter to this Court solely for the purpose of determining an amount of attorney's fees to be awarded to Plaintiffs for work performed in the Court of Appeals on the motion for injunction pending appeal, but otherwise denying Plaintiffs' application to the Eleventh Circuit Court of Appeals for appellate attorney's fees and expenses. Taken together, the Eleventh Circuit Court of Appeals total denial of appellate costs to Plaintiffs in this matter and very limited award of appellate attorney's fees belie the Plaintiffs' contention that the Eleventh Circuit Court of Appeals has implicitly endorsed Plaintiffs as prevailing parties.

Moreover, Plaintiffs have offered no case support for their contention that the Eleventh Circuit's injunction pending appeal should be treated as the equivalent of a preliminary injunction in their favor, and necessarily confer upon them prevailing party status. The Second Circuit Court of Appeal's decision in Vacchio v. Ashcroft, 404 F.3d 663 (2d Cir. 2005), is inapposite. In that case, the Second Circuit Court of Appeals, while acknowledging that "the grant of a stay or injunction pending appeal is not necessarily relief on the merits which entitles a

plaintiff to attorney's fees," concluded that its order releasing the habeas petitioner on bail pending appeal "involved an assessment of the merits, unquestionably materially altered the existing legal relationship between the parties, and thus sufficed to confer prevailing party status." Id. at 672, 674. In the present case, Plaintiffs have made and can make no such showing as to the Eleventh Circuit's brief order (doc. 151-2) granting an injunction pending appeal. Additionally, the two other cases[1] relied on by Plaintiffs for their proposition that the injunction pending appeal entitles them to prevailing party status were both decided, after consideration of the merits before the issuance of injunctions pending appeal, in circuits previously recognizing the catalyst theory, more than a decade prior to Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), in which the Supreme Court rejected the catalyst theory, and ruled that prevailing party status requires a judicially sanctioned change in the legal relationship of the parties, rather than a mere voluntary cessation of the challenged activity and dismissal of the lawsuit as moot.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiffs' Motion to Reconsider Taxation of Costs (doc. 247) is DENIED.

---

[1] See Bliss v. Holmes, 867 F.2d 256 (6th Cir. 1988); Coal. For Basic Human Needs v. King, 691 F.2d 597 (1st Cir. 1982).

2. The denial of taxation of costs by the clerk (doc. 246) is affirmed.

**DONE AND ORDERED** this <u>fifteenth</u> day of December, 2010.

<u>*s/ Stephan P. Mickle*</u>
Stephan P. Mickle
Chief United States District Judge