IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BETA UPSILON CHI, UPSILON CHAPTER
AT THE UNIVERSITY OF FLORIDA, et al.,

      Plaintiffs,

v.                                 CASE NO. 1:07cv135-MW/GRJ

J. BERNARD MACHEN, et al.,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

This case was reassigned to the undersigned judge on September 26, 2014. It comes before this Court on Plaintiffs' Amended Motion for Attorney's Fees, ECF No. 383, Defendant's Opposition, ECF No. 384, and Plaintiffs' Memorandum in Reply, ECF No. 385.

**1.  History of the Case and Prior Fee Awards**

Plaintiffs are Beta Upsilon Chi, a Christian fraternal organization, and its local chapter, the Beta Upsilon Chi Upsilon Chapter at the University of Florida (collectively "BYX"). On July 10, 2007, BYX sued the president of the University of Florida and other officials (collectively "the University") for refusing to grant BYX status as a registered student organization. Although student organizations are not required to register in order to operate on campus, registered student organizations enjoy benefits— such as eligibility to receive funding from student government, priority use of some

1

facilities, and access to recruiting resources—that are unavailable to non-registered student organizations.

The University refused to register BYX because BYX did not allow women to join, thus violating the University's non-discrimination policy.[1] After filing suit, BYX established a chapter affiliation with a sorority, Theta Alpha, which resolved the University's concern about sex discrimination. Nevertheless, the University refused to register BYX—this time for religious discrimination—because BYX limits its membership and officer positions to students who affirm BYX's religious doctrines and agree to live by BYX's code of conduct. BYX amended its complaint to address this new reason for denial of registration, and filed a motion for preliminary injunction to require the University to register BYX as a student organization.

The district judge denied the motion for preliminary injunction on May 29, 2008. ECF No. 104. On June 6, 2008, BYX filed an interlocutory appeal and sought an injunction pending appeal. ECF Nos. 115, 116. The district judge denied the injunction pending appeal. ECF No. 138. On July 30, 2008, however, the Eleventh Circuit Court of Appeals granted it. ECF No. 151.

After oral argument on the interlocutory appeal, on January 15, 2009, the University amended its policy to allow a "student organization whose primary purpose is religious

---

[1] The policy states that "[a] registered student organization may not discriminate against a member or prospective member on the basis of race, color, religion, sex, national origin, ancestry, age, marital status, disability, unfavorable discharge from the military, or status as disabled veteran or veteran from the Vietnam era, except as specifically exempted by law. Likewise, among the individual discrimination prohibited by the University policy, but not by law, is sexual orientation." ECF No. 46, *2d Am. Compl.*, at ¶ 4.12.

… [to] limit[] membership and leadership positions to students who share the religious beliefs of the organization." ECF No. 206, at 14. In accordance with the amended policy, the University registered BYX as a student organization, thereby providing BYX with the relief sought in its complaint. As a result, the Eleventh Circuit dismissed the interlocutory appeal as moot on October 27, 2009, and directed the district judge on remand to dismiss the case as moot. *Id.* at 22.

After the dismissal of the appeal as moot, BYX filed a motion for appellate attorney fees. The Eleventh Circuit granted the motion in part, finding that BYX was entitled to "attorney fees for work performed in [the Eleventh Circuit] on [BYX's] motion for injunction pending appeal." ECF No. 235. The Eleventh Circuit directed the district judge to determine the amount of appellate fees to award. *Id.* BYX also filed with the district judge a motion for attorney fees for work performed at the trial level. ECF No. 245.

In the district court, the University argued that BYX was not the prevailing party because BYX obtained no relief on the merits and because the case was dismissed as moot. ECF Nos. 244, 248. The district judge agreed. ECF Nos. 254, 259. In accordance with the Eleventh Circuit's instructions, however, the district judge awarded appellate attorney fees to BYX in the amount of $7,081.44. ECF Nos. 263, 264. This amount was agreed to by the parties.

BYX appealed the denial of trial level attorney's fees to the Eleventh Circuit. The Eleventh Circuit vacated the denial and remanded with instructions to award BYX trial

3

level fees as the prevailing party under § 1988.² ECF No. 288. The Eleventh Circuit explained that in granting the injunction pending appeal, it made a ruling on the merits of BYX's claim, thus making BYX the prevailing party despite the dismissal of the case as moot. *Id.*, at 5. The Eleventh Circuit also granted BYX's motion for appellate attorney's fees and expenses for this second appeal, and remanded the case to the district judge to determine the appropriate amount. ECF No. 304.

On remand, the parties agreed to an award of $22,000 for appellate attorney's fees for BYX's second appeal, and the district judge awarded those fees. ECF No. 347. As for the trial level attorney's fees, however, the district judge accepted the University's argument that BYX's award should be limited to work performed only on the motion for injunction pending appeal. ECF Nos. 299,320. With this limitation in place, the parties agreed to an amount of $6,632.50 for trial level attorney's fees, plus the $7,081.44 for appellate attorney's fees for the first appeal, making a total award of $13,713.94. ECF No. 326. BYX agreed to this amount but noted that it was not waiving its right to appeal the district judge's ruling limiting its attorney's fees. ECF No. 326.

On BYX's third appeal regarding the limitation of trial level attorney's fees, the Eleventh Circuit again vacated and remanded, explaining that the district judge erred "by only awarding attorney's fees to the prevailing party on one motion and by not taking into account work proceeding this motion that is fundamentally required for [BYX] to become a prevailing party—e.g. work on the complaint." ECF No. 358, at 4. The Eleventh Circuit

---

² Title 42, United States Code, Section 1988(b) allows the court, in its discretion, to include a reasonable attorney fee as part of the costs awarded to a prevailing party in certain civil rights cases.

noted that its order limiting BYX's attorney fees for the first appeal to work on the injunction simply reflected the fact that BYX was "only successful on appeal with respect to the work on the injunction pending appeal and not with respect to other issues, including the mootness issue."[3] *Id.* For the trial level fees, the Eleventh Circuit explained, "the appropriate award should include other work performed by [BYX] in the district court which was reasonably related to, and reasonably contributed to, the success achieved—i.e. the grant of the injunction pending appeal." *Id.* at 4-5. The Eleventh Circuit vacated the district judge's fee determination and remanded for further proceedings. Additionally, the Eleventh Circuit granted BYX's motion for appellate attorney fees for their third appeal, with the amount to be determined by the district judge. ECF No. 371.

The posture of this case now is as follows. BYX has been awarded $7,081.44 in appellate attorney fees for the first appeal, ECF No. 264, and $22,000 in appellate attorney fees for the second appeal, ECF No. 347. All of the other attorney fee awards have been vacated by the Eleventh Circuit. The parties have already agreed that BYX is entitled to $6,632.50 for work performed in this Court on the motion for injunction pending appeal. At issue, therefore, are additional amounts to be awarded to BYX for (1) work performed in the district court that was reasonably related to and reasonably contributed to the granting of the injunction pending appeal, (2) other work performed in the district court on the merits of its claims, which BYX contends it is entitled to receive fee for, (3) work performed in the district court establishing BYX's entitlement to and

---

[3] BYX argued against dismissal on mootness grounds. The Eleventh Circuit considered and rejected these arguments. ECF No. 206, at 15-23.

amount of attorney's fees, and (4) work performed in the Eleventh Circuit on BYX's third appeal.

### 2. Summary of BYX's Request and the University's Arguments

BYX requests $252,256.25 in attorney's fees. This amount represents all work performed in the district court on the merits of its claim (even work that is not related to and did not contribute to the granting of the injunction pending appeal). This amount also includes work to establish BYX's entitlement to, and amount of, attorney's fees. BYX also seeks $1,238.98 in non-taxable expenses and costs. BYX seeks additional attorney's fees in the amount of $34,267.50 for work performed on its third appeal.

The University argues that BYX's request should be greatly reduced. The University identifies areas of work—such as discovery and summary judgment—that it contends are not reasonably related to the injunction pending appeal. Instead of identifying specific hours to eliminate, however, the University argues for an across the board reduction because the hours claimed by BYX are unreasonably high and the fee documentation is too voluminous to make an hour by hour review. The University proposes to reduce BYX's hours by 80%.

The University also argues that the hourly rates for BYX's lawyers should be reduced to $175 to reflect the local market rate. As a result of these reductions, the University argues that a fee award of $28,375 to BYX for work performed in the district court would be appropriate. As for the appellate fees, the University contends that the fees should be reduced by 50% to $17,133.75.

### 3. Success Obtained by BYX

Normally, a prevailing party who obtains full relief is entitled to compensation for "all hours reasonably expended in the litigation …." *Hensley v. Eckerhart*, 461 U.S.424, 435 (1983). BYX contends that it obtained full relief and that all of its hours were reasonably expended. Therefore, BYX argues, no reduction should be made for limited results. In fact, BYX notes that when the Eleventh Circuit ruled that the case should be dismissed as moot, it did so because BYX had "received the relief sought in its complaint." ECF No. 206, at 16.

According to the University, the clear instructions from the Eleventh Circuit require that BYX not be awarded any fees for work performed after the July 30, 2008 injunction pending appeal. The University contends that work performed afterward cannot be "reasonably related to, [or be deemed to have] reasonably contributed to, the success achieved—i.e. the grant of the injunction pending appeal." ECF No. 358, at 4-5. The University also argues that BYX's fees should be further reduced because the success BYX obtained was limited. According to the University, its decision to voluntarily amend its policy on January 15, 2009 to allow BYX to register as a student organization should not be considered part of the success BYX achieved because only court-ordered relief can support a fee award.

The University cites to the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of HHR*, 532 U.S. 598 (2001). In *Buckhannon*, the United States Supreme Court rejected the "catalyst theory" and ruled that a party cannot obtain prevailing party status when the relief it obtains comes through a defendant's voluntary

change in conduct in response to a lawsuit. *Id.* The Court explained that a "judicial imprimatur," in the form of a judgment on the merits or a consent decree or similar judicial relief, is necessary to establish prevailing party status. *Id.* at 601, 605.

This Court need not consider the University's argument under *Buckhannon*, however, because the Eleventh Circuit has already determined that BYX is the prevailing party. The Eleventh Circuit plainly stated, BYX is the "prevailing part[y[ under § 1988 and … entitled to reasonable attorney's fees." ECF No. 288. Furthermore, because the University's policy change was not so much a response to BYX's lawsuit itself, but came after the Eleventh Circuit granted an injunction on the merits, it is appropriate to consider the University's policy change in assessing the success BYX obtained.[4] Indeed, the Eleventh Circuit did not limit the scope of fees to work that related to and contributed to the injunction pending appeal, but instead stated that "the appropriate award should include" such work. ECF No. 358 at 4.

With that in mind, this Court turns to the calculation of the lodestar figure,[5] starting with the reasonably hourly rates for BYX's attorneys.

---

[4] *See Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008) ("*Buckhannon* does not stand for the proposition that a defendant should be allowed to moot an action to avoid payment of the plaintiff's attorney's fees when a district court grants a preliminary injunction based upon an unambiguous indication of probable success of the merits."); *Tri-City Comty. Action Program v. City of Malden*, 680 F. Supp. 2d 306, 315 (finding plaintiffs to be the prevailing party because "[t]he preliminary injunction was responsible for the entirety of the changes that rendered the case moot").

[5] The lodestar figure is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar figure is the presumed reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### 4. Hourly Rates

BYX claims the following hourly rates for its attorneys:[6]

| | |
|---|---|
| $425 | Kimberlee W. Colby, Center for Law & Religious Freedom, practicing law since 1981, specializing in religious liberties issues. ECF No. 383-2, at 7-24. |
| $400 | Jeffrey A. Schafer, Alliance Defense Fund,[7] practicing law since 1997 and specializing in free speech and religious liberties issues since 2005. ECF No. 383-2, at 21-24. |
| $400 | Gregory S. Baylor, Center for Law & Religious Freedom, Alliance Defense Fund, practicing law since 1990, specializing in civil liberties issues. ECF No. 295-2, at 1-9. |
| $400 | Steven H. Aden, Center for Law & Religious Freedom, Alliance Defense Fund, practicing law since 1989 and working on civil and religious liberties litigation since 1997. ECF No. 295-1, at 1-8. |
| $325 | Timothy J. Tracey, Center for Law and Religious Freedom, Alliance Defense Fund, practicing law since 2002 working on civil liberties issues. ECF No. 295-8, at 1-4. |
| $275 | Roger K. Gannam, Lindell & Farson, P.A., practicing law since 2000 working on complex commercial and class action litigation, and later expanding practice to include religious liberty cases. ECF No. 383-2, at 16-20. |
| $200 | Isaac J. Fong, Center for Law & Religious Freedom, practicing law since 2007 working on religious liberties issues, ECF No. 295-4, at 1-4. |
| $200 | Julie M. Gugino (no information) |

---

[6] Four paralegals (Gretchen Nutz of the Center for Law & Religious Freedom, Amy Botello of Alliance Defense Fund, Anna Hayes of Alliance Defending Freedom, and Amanda Rossiter of Alliance Defending Freedom) also worked on this case. BYX seeks compensation for the paralegals' work at an hourly rate of $75. See Doc. 383-1 at 3. The University is not challenging these rates. The rates are in line with the rates charged by paralegals in the Northern District of Florida.

[7] The Alliance Defense Fund is now known as Alliance Defending Freedom. ECF No. 383-2, at 22 ¶ 4.

9

$150          R. Scott Taylor (no information)

This Court approves these rates. The $200 and $150 rates charged for Gugino and Taylor are standard for this district for new associates. The higher rates for the other attorneys are in line with the hourly rates found reasonable for similarly experienced lawyers specializing in First Amendment litigation in the Northern District of Florida.[8] Although BYX's attorneys are located outside of the Northern District, their rates are consistent with the rates charged by attorneys of similar skill in similar cases in the Northern District. The rates do not differ from the local rate.

The University argues that most of the attorneys' work was performed in 2007 and 2008, and therefore a 2007 and 2008 local rate, which the University calculates as $175, should be used.[9] It is appropriate in this case, however, to apply current rates to account

---

[8] *See Am. Civil Liberties Union of Fla., Inc. v. Dixie Cnty.*, Case No. 1:07-cv-00018-MP-GRJ, 2012 WL 384925, at *2, (N.D. Fla. Feb. 6, 2012) (Am. Report and Recommendation, Jones, Mag. J.) (finding $400 and $450 rate for experienced First Amendment lawyers reasonable) *adopted in part by*, 2012 WL 1004372, (March 23, 2012) (Rodgers, C.J.) *vacated to determine standing*. *See also, Plaintiff B. v. Francis*, No. 5:08cv79-RS/AK, 2009 WL 2913476, at *2 (N.D. Fla. Sept. 9, 2009) (finding $450 per hour rate reasonable in complex civil case for attorneys with over 30 years of experience).

[9] The University cites to the Florida Bar's 2008 survey to support its contention that the prevailing local rate is $175 per hour. ECF No. 384, at 14. The 2008 survey reflects the average rate for all attorneys responding to the survey and does not take into account an attorney's experience and practice area. Nevertheless, the results of a more recent survey in 2012 shows that 66% of the lawyers in the region comprising the Northern District of Florida charge an hourly rate of more than $200, and 14% charge more than $300. The Florida Bar, *Results of the 2012 Econ. and Law Office Mgmt. Survey*, at 8, (Feb.2013); https://www.floridabar.org/tfb/TFBOrgan.nsf/043adb7797c8b9928525700a006b647f/197544daea4b3cda852571f500610583?OpenDocument. The 2012 survey, as well as this Court's own knowledge of the fees charged in cases of similar complexity by lawyers of similar experience, supports the current hourly rates requested by BYX.

for the delay in receiving payment. *Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1045 (11th Cir. 2010).The litigation in this case has been protracted. It involved an extraordinary outlay of hours that included not only work on the initial case and an interlocutory appeal, but two additional appeals regarding attorney's fees. To compensate for the exceptional and unanticipated delay in payment, it is appropriate to use current rates for the fee calculation. *Id.* Therefore fees based on current rates will be awarded.

5. **Number of Hours Reasonably Expended**

The total number of hours claimed by BYX for each of its attorneys and paralegals is as follows:

| Name | Hours |
|---|---|
| Timothy J. Tracey | 520.73 hours |
| Roger K. Gannam | 93.5 hours |
| Kimberlee W. Colby | 62.44 hours |
| Jeffrey A. Shafer | 17.5 hours |
| Gregory S. Baylor | 12.8 hours |
| Steven H. Aden | 2.7 hours |
| Isaac J. Fong | 10.6 hours |
| Julie M. Guigino | 28.9 hours |
| R. Scott Taylor | 1.6 hours |
| Gretchen Nutz | 133.5 hours |
| Amy Botello | 12.7 hours |
| Anna Hayes | 2.0 hours |
| Amanda Rossiter | 57.8 hours |

A review of the hours shows that Attorney Timothy J. Tracey performed almost all of the work on the merits of the case. Attorney Roger K. Gannam performed most of the

work on the attorney fee issues. Paralegals assisted with research and in compiling records. The other attorneys reviewed, coordinated and supervised; and thus expended far fewer hours.

To aid with review, the hours are broken down to show the work performed in different stages of this case.

    a.    **from the initiation of the case to the 7/30/08 order granting the injunction pending appeal**

Most of the hours expended in this stage of the case involved the merits of the claim.

Timothy J. Tracey
$325    519.43 hours conferring with co-counsel; preparing complaint, amended complaint, and preliminary injunction; preparing joint report for discovery; preparing fee and cost records; preparing responses to interrogatories and document requests; preparing for and conducting depositions; preparing motion for summary judgment. ECF No. 383-1, at 24-44.

Kimberly W. Colby
$425    15.1 hours reviewing the preliminary injunction, amended complaint, and the University's answer. ECF No. 383-1, at 6.

Gregory S. Baylor
$400    7.2 hours, coordinating with attorneys, reviewing complaint and preliminary injunction, preparing for argument on preliminary injunction. ECF No. 383-1, at 18-20.

Steven H. Aden
$400    2.7 hours reviewing complaint and amended complaint. ECF No. 383-1, at 23.

Isaac J. Fong
$200    10.6 hours conducting legal research, conferring with counsel, helping to prepare for arguments on preliminary injunction. ECF No. 383-1, at 54.

Gretchen Nutz
$75                          95.5 hours, researching procedural and substantive issues; reviewing, preparing, organizing, and filing documents; preparing attorney admission materials. 383-1, at 58-65.

The total number of hours expended at this stage of the case is 650.53. These hours were reasonably expended in the litigation and will be considered in arriving at the lodestar figure.

        **b.**     **from the 7/30/08 injunction pending appeal to the 10/27/09 dismissal**

None of the hours claimed in this period relate to the merits of the case. Instead, the hours were spent reviewing and preparing time records and conferring with co-counsel and the client.

Timothy J. Tracey
$325                        1.4 hours preparing and reviewing time records, corresponding with co-counsel and clients. ECF No. 383-1, at 44.

Gregory S. Baylor
$400                        .5 hours conferring with co-counsel concerning draft bill of costs, time records, and withdrawal of Timothy J. Tracey and Issac J. Fong. ECF No. 383-1, at 21.

Jeffrey A. Shafer
$400                        .1 hours reviewing notice of appearance. ECF No. 383-1, at 15

Gretchen Nutz
$75                          7 hours preparing and filing time records; preparing attorney admission materials and notice of appearance. ECF No. 383-1, at 58, 62.

Amy Botello
$75                          5.3 hours preparing and reviewing time records. ECF No. 383-1, at 66.

Amanda Rossiter
$75                           2 hours preparing, reviewing, and filing time
                              records; preparing attorney admission materials.
                              ECF No. 383-1, at 70.

The total number of hours expended at this stage is 16.3. This Court will deduct the .1 hour spent by attorney Jeffrey Shafer reviewing a notice of appearance. Shafer completed no compensable work on the merits of the case either at this stage of the litigation or in the prior stage. The other time claimed appears to be reasonable and will be used to calculate the loadstar.

      **c.**      **after the 10/29/09 dismissal to establish entitlement and amount of fees at the trial level**

Roger K. Gannam
$275                          93.5 hours reviewing bill of costs and the
                              University's objections; conferring with opposing
                              attorney and co-counsel; reviewing orders and
                              appellate opinions; preparing motions and memos
                              for attorney's fees. ECF No. 383-1, at 45-
                              50.

Kimberlee W. Colby
$400                          47.34 hours communicating with co-counsel
                              regarding fee petition, time records, settlement
                              negotiations; researching 11th Circuit case law on
                              § 1988 fee awards; reviewing filings and revising
                              declarations. ECF No. 383-1, at 6-11.

Jeffrey A. Shafer
$400                          17.4 hours reviewing time records for filing;
                              reviewing appellate decision; conferring with co-
                              counsel; reviewing and revising declarations and
                              motions; reviewing memoranda. ECF No. 383-1,
                              at 14-16.

Gregory S. Baylor
$400                          5.1 hours communicating with co-counsel
                              regarding time records; reviewing time and cost
                              records; reviewing clerk's denial of costs and

|  |  |
|---|---|
|  | district court's order denying reconsideration; communicating with client. ECF No. 383-1, at 18-19, 21-22. |
| Gretchen Nutz $75 | 30.7 hours drafting motions to withdraw for Timothy J. Tracey and Isaac J. Fong; conferring with counsel; researching local rules and procedures for appeal; preparing bill of costs; collecting and organizing time records; assisting counsel with declarations. ECF No. 383-1, at 58, 62-65. |
| Amy Botello $75 | 7.4 hours preparing and filing time records. ECF No. 383-1, at 66-67. |
| Anna Hayes $75 | 2 hours preparing and filing time records. ECF No. 383-1, at 68. |
| Amanda Rossiter $74 | 55.8 hours preparing and filing time records; preparing motion to withdraw for Timothy J. Tracey; communicating with counsel concerning time records; organizing time records; revising declarations. |

The total number of hours expended at this stage is 258.24. The only specific time entries the University objects to are those related to taxable costs. ECF No. 384, at 17 n.6. Compensation for these entries will be denied because BYX did not prevail on its claim for taxable costs. ECF Nos. 246, 254; *Norman*, 836 F.2d at 1302 ("district court must deduct time spent on discrete and unsuccessful claims). This Court further finds that the time spent by attorneys Colby, Shafer, and Baylor was excessive considering the assistance provided by four the paralegals, and Gannam's role in actually preparing the motions and memoranda, and the fact that these attorneys were no longer operating in

their field of expertise in First Amendment law but supervising Gannam's work to establish attorney's fees. Accordingly, their time will be reduced by 50%.

### d. appellate fees for the third appeal

Roger K. Gannam
$275 — 66 hours preparing briefs; reviewing rules, documents, fee declarations. ECF No. 383-1, at 51-53.

Kimberlee W. Colby
$425 — 11.5 hours reviewing briefs, research, opinion, and time records; conferring with co-counsel; drafting changes. ECF No. 383-1, at 12-13.

Jeffrey A. Shafer
$400 — 11.3 hours reviewing order, briefs, research, and time records; conferring with counsel. ECF No. 383-1, at 16-17.

Julie M. Gugino
$200 — 28.9 hours researching issues, conferring with co-counsel, revising fee declarations. ECF No. 383-1, at 57.

R. Scott Taylor
$175 — 1.6 hours Shepardizing cases. ECF 383-1, at 57.

Anna Hayes
$75 — 1.4 hours drafting declarations and coordinating filings. ECF No. 383-1, at 69.

Amanda Rossiter
$75 — 7.8 hours reviewing and compiling time records; drafting declarations; conferring with counsel and paralegals. ECF No. 383-1, at 78.

The University argues that the hours expended by BYX on the appeal were excessive and the result of overstaffing. Here again, the time spent by attorneys Colby and Shafer reviewing the work performed by attorney Gannam is excessive. This Court will

therefore reduce their time by 50%. This Court will also reduce the hourly rate charged by Attorney Taylor for Shepardizing cases to $75 because the task could have been performed by a paralegal and otherwise appears excessive. Alternatively, this Court could have simply cut his hours in half as excessive. All other hours at the rates charged will be used to calculate the loadstar.

      e.     **Nontaxable costs**

Finally, BYX seeks $1,283.98 in nontaxable costs. ECF No. 383-1, at 79-85. The University notes several problems with the cost statement, to which BYX has failed to respond. ECF No. 384, at 14-15.

In an effort to understand the charges, this Court has reviewed them in relation to the time records of attorney Timothy J. Tracey. ECF No. 383-1, at 37, 39. Aside from postage and PACER charges, most of the costs relate to travel to Gainesville, Florida on March 12, 2008 for a hearing on BYX's motion for preliminary injunction, ECF Nos. 92; 383-1, at 37, and travel to depose officials at the University on April 30 through May 1, 2008, ECF 383-1, at 39.

Aside from the redundant entries for $ 21.34 in shipping charges on 7/10/2007 and $3.71 for travel food on 5/1/2008, this Court finds that the costs were reasonably incurred and are recoverable under § 1988. *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1192 (11th Cir. 1983).

### 6. Lodestar for District Level Fees

| Timekeeper | before 7/30/08 | 7/30/08 to 10/27/09 | after 10/27/09 | Total Time | Award |
|---|---|---|---|---|---|
| Timothy J. Tracey, $325 | 519.43 | 1.4 | 0 | 520.73 | $169,237.25 |
| Roger K. Gannam, $275 | 0 | 0 | 87.7[10] | 87.7 | $24,117.50 |
| Kimberlee W. Colby, $425 | 15.1 | 0 | 22.92[11] | 38.02 | $16,158.50 |
| Jeffrey A. Shafer, $400 | 0 | 0[12] | 8.7[13] | 8.7 | $3,480.00 |
| Gregory S. Baylor, $400 | 7.2 | 0.5 | 2.55[14] | 10.25 | $4,100.00 |
| Steven H. Aden, $400 | 2.7 | 0 | 0 | 2.7 | $1,080.00 |
| Isaac J. Fong, $200 | 10.6 | 0 | 0 | 10.6 | $2,120.00 |
| Gretchen Nutz, $75 | 95.5 | 7 | 26.8[15] | 129.3 | $9,697.50 |

---

[10] Gannam claimed 93.5 hours for this period, but this Court has subtracted 5.8 hours for time entries for work on taxable costs. ECF No. 383-1, at 45, 48 (10/8/10 (0.5), 11/9/10 (0.4), 12/7/11 (1.3), 2/1/12 (0.8), 2/1/12 (1.9), 2/2/12 (0.3), 10/5/10 (0.1), 7/25/12 (0.2), 7/25/12 (0.1), 7/25/12 (0.1), 7/25/12 (0.1)).

[11] Colby claimed 47.34 hours for this period, but this Court has subtracted 1.5 hours for time entries for work on taxable costs. ECF No. 383-1, at 7 (10/8/10 (0.2), 11/4/10 (0.3), 11/5/10 (0.3), 11/8/10 (0.2), 12/17/10 (0.5)). Then this Court divided the time in half because the hours are excessive.

[12] Shafer claimed 0.1 hours for this period for reviewing notice of appearance documents, but this Court struck this time as unnecessary.

[13] Shafer claimed 17.4 hours for this period, but this Court divided the time in half because the hours are excessive.

[14] Baylor claimed 5.1 hours for this period, but this Court divided the time in half because the hours are excessive.

[15] Nutz claimed 31 hours for this period, but this Court has subtracted 4.2 hours for time entries for work on taxable costs. ECF No. 383-1, at 63 (10/6/10 (0.3), 10/7/10 (0.8), 10/7/10 (2), 11/5/10 (1)).

| | | | | | |
|---|---|---|---|---|---|
| Amy Botello, $75 | 0 | 5.3 | 7.4 | 12.7 | $952.50 |
| Amanda Rossiter, $75 | 0 | 2 | 55.8 | 57.8 | $4,335.00 |
| | | | | **TOTAL** | **$235,278.25** |

The lodestar totals to $235,278.25. This Court finds no reason to make additional alterations given the reductions already made for discrete, unsuccessful claims and excessive hours.

**7. Lodestar for Appellate Fees**

| Timekeeper | Hours | Total |
|---|---|---|
| Roger K. Gannam, $275 | 66 | $18,150.00 |
| Kimberlee W. Colby, $425 | 5.75[16] | $2,443.75 |
| Jeffrey A. Shafer, $400 | 5.65[17] | $2,260.00 |
| Julie M. Gugino, $200 | 28.9 | $5,780.00 |
| R. Scott Taylor, $75[18] | 1.6 | $120.00 |
| Anna Hayes, $75 | 1.4 | $105.00 |
| Amanda Rossiter, $75 | 7.8 | $585.00 |
| | **TOTAL** | **$29,443.75** |

This Court finds no reason to alter the lodestar figure for appellate attorney fees given the specific reduction for excessive hours already made.

---

[16] Colby claimed 11.5 hours, but this Court has divided the time in half because the hours are excessive.

[17] Shafer claimed 11.3 hours, but this Court has divided the time in half because the hours are excessive.

[18] Taylor claimed an hourly rate of $175. Although this rate is reasonable for an attorney to charge, because Taylor performed work (Shepardizing cases) that a paralegal could do, his work should be billed at the paralegal rate.

**8. Nontaxable Costs**

Finally, BYX claims $1,283.98 in nontaxable costs. This Court will subtract $42.68 ($21.34 x 2) for the two redundant entries on 7/10/07 and $3.71 or the redundant entry on 5/1/08. ECF No. 383-1, at 79, 80. This leaves $1,237.59 in appropriate, nontaxable costs.

For these reasons,

IT IS ORDERED:

1. Plaintiffs' Amended Motion for Attorney's Fees, ECF. No. 383, is **GRANTED**.

2. As the prevailing party under § 1988, BYX is awarded attorney's fees in the amount of $235,278.25 for work performed in this Court plus costs in the amount $1,237.59. For its work on the third appeal, BYX is awarded $29,443.75. The sum total of the attorney's fees and costs is $265,959.59.

3. The Clerk shall enter judgment stating, "Judgment is entered in favor of Plaintiffs, Beta Upsilon Chi and the Beta Upsilon Chi Upsilon Chapter at the University of Florida, and against Defendants for attorney's fees and costs in the sum of $265,959.59, for which interest shall accrue as provided by law." The Clerk shall close the case.

SO ORDERED on October 1, 2014.

                                          **s/Mark E. Walker**
                                          **United States District Judge**